IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUARANTEE COMPANY OF ) | |
| NORTH AMERICA USA, a corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-cv-1003-MEF |
| ) | |
| W.D. WAINWRIGHT & SONS, INC., ) | |
| a corporation, *et al.*, ) | (WO) |
| ) | |
| Defendant. ) | |

**ORDER ON MOTIONS AND PRELIMINARY INJUNCTION ORDER**

Pending before the Court are Plaintiff's *Motion for Entry of Consent Preliminary Injunction Order* (Doc. 16, filed November 13, 2009) and the *Unopposed Motion to Dismiss Claims for Injunctive Relief Without Prejudice* (Doc. 8, filed November 13, 2009). Specifically, the Court has been advised that an agreement has been reached whereby defendants W.D. Wainwright & Sons, Inc., Stephen R. Wainwright and Sheryl B. Wainwright consent to the entry of this Order, and that Plaintiff desires to withdraw its request for injunctive relief as to defendants William J. Wainwright and Tracye Wainwright. Based on the above, it is hereby **ORDERED** that the above motions are **GRANTED**. It is further **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      That the defendants W.D. Wainwright & Sons, Inc., Stephen R. Wainwright and Sheryl B. Wainwright, separately and severally, and others in active concert and participation with them who receive actual notice of this Order, are hereby ENJOINED and RESTRAINED from transferring, selling, conveying, disposing, mortgaging, liening,

assigning or otherwise encumbering (a) any of their real property and (b) any of their personal property having a value in excess of One Thousand Five Hundred Dollars no/100 ($1,500.00), other than expenses incurred and paid by defendants in the ordinary course of their business, which expenses are not prohibited hereby.  For purposes of this Order, "expenses incurred and paid by defendants in the ordinary course of their business" shall include, but not be limited to, expenses incurred by defendants and payments made by defendants for payroll, payroll taxes, credit union deductions, employee life insurance, employee disability insurance, employee health insurance, worker's compensation insurance, property and casualty insurance, liability insurance, automobile insurance, raw materials, component parts, supplies, freight, debt service, vendor billing, utilities, accounting fees and expenses, audit fees and expenses, legal fees and expenses, travel, postage and landfill charges.

    2.    Should said defendants desire to conduct any transaction or transfer otherwise prohibited by this Order, defendants shall provide written notice with respect to any such transfer or transaction to counsel for plaintiff not less than two (2) business days before the proposed transfer or transaction. Said notice shall include the name and address of the proposed transferee, a description of the property involved, and a statement of the amount of consideration to be received by said defendants as a result of the transaction. Plaintiff shall communicate to defendants any objection to the proposed transaction within two (2) business days of the receipt of the notice. In that most, if not all, of the personal and real items are mortgaged or pledged to lien holders by appropriate recorded documents if all proceeds are going to recorded lien holders, the Plaintiff shall not unreasonably withhold approval. In the

event of any objection by the plaintiff, defendants shall not conclude the transaction absent further orders from this Court.

3. Within thirty (30) days of the date of this Order, said defendants, separately and severally, shall submit to the Court and GCNA's counsel a sworn statement itemizing all categories of assets owned or controlled by the defendants, including any property in which the defendants may have an equitable, legal or contingent interest and including any property owned by any corporation of which the defendants are principal shareholders.

4. Said defendants shall provide full and complete access of its books and records to GCNA and its designated agents at an appointed time mutually agreed to by counsel for the parties. Said books and records shall be made available for inspection at the offices of W.D. Wainwright & Sons, Inc., at 1060 S. Memorial Drive, Prattville, Alabama 36067.

5. The relief provided in this Order shall continue in favor of GCNA pending final disposition of this action, but shall be subject to termination upon (a) consent of GCNA, or (b) entry of an order by this Court terminating such preliminary relief upon a showing of cause by said defendants.

6. Plaintiff's claims for preliminary injunctive relief as to defendants, William J. Wainwright and Tracye Wainwright are hereby dismissed, without prejudice.

DONE this 16th day of November, 2009.

                                              /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE