IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GUARANTEE COMPANY OF NORTH AMERICA USA, a corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:09-cv-1003-MEF-TFM |
| W.D. WAINWRIGHT & SONS, INC., *et al.*, | ) ) ) ) | (WO - DO NOT PUBLISH) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Guarantee Company of North America USA ("Guarantee") brought this case against W.D. Wainwright & Sons, Inc. ("WDWS") as well as Stephen R. Wainwright ("Stephen Wainwright"), Sheryl B. Wainwright, William J. Wainwright ("Jeff Wainwright"), and Tracye Wainwright (collectively, "individual indemnitors"). (Doc. #1). Guarantee also named as defendants Denise Poole ("Poole"), RLI Insurance Company, and First Community Bank of Central Alabama. Guarantee sues over bonds it issued that it alleges WDWS and individual indemnitors agreed to indemnify. With regards to Jeff and Tracye Wainwright, Guarantee seeks exoneration, specific performance, and a declaratory judgment outlining their indemnity obligations. Now pending before this Court are Jeff Wainwright's Motion to Dismiss (Doc. #11) and Tracye Wainwright's Motion to Dismiss (Doc. #14).[1] For the

---

[1] Though filed separately, the two motions to dismiss are identical. Differences between the affidavits attached to each motion are not material for the purposes of this order. Therefore, the Court will refer to the arguments and assertions of Jeff and Tracye Wainwright jointly.

-1-

reasons set forth in this Memorandum Opinion and Order, both motions are due to be DENIED.

Jeff Wainwright filed both his answer to Guarantee's complaint (Doc. #10) and his motion to dismiss (Doc. #11) on November 13, 2009. Tracye Wainwright also filed both her answer to Guarantee's complaint (Doc. #13) and her motion to dismiss (Doc. #14) on November 13, 2009. Defenses to claims for relief made by motion "must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). Because—for both Jeff and Tracye Wainwright—the answer is docketed before the motion to dismiss both defendants filed their motions to dismiss either contemporaneously with or after they filed their answers. Since neither motion was filed *before* the filing of a responsive pleading, these motions cannot be treated as Rule 12(b) motions. *See, e.g.*, *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("[B]ecause a responsive pleading—an answer—had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate."); *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001) ("Had Northside wished to file a Rule 12(b)(6) motion for failure to state a claim for relief, it should have done so before filing its answer containing the same defense.").

Though characterized by Jeff and Tracye Wainwright as motions to dismiss, these motions could be interpreted as motions for judgment on the pleadings under Rule 12(c), which may be filed after the filing of answers so long as they are filed "early enough not to delay trial." Fed. R. Civ. P. 12(c); *see, e.g.*, *Byrne*, 261 F.3d at 1096 n.46 (treating the

motion to dismiss filed after the answer as a motion filed pursuant to Rule 12(c)). In deciding a Rule 12(c) motion for judgment on the pleadings, a Court may consider only the pleadings, in this case the Complaint and Answers. *See id.* Documents attached to the pleadings become part of the pleadings and may be considered on a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 10(c). The fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint. *See Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956).[2] In order to prevail, a motion for judgment on the pleadings "must be based on the undisputed facts appearing in all the pleadings." *Id.* Thus, judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116-17 (11th Cir. 1999).

Jeff and Tracye Wainwright argue that the agreement to indemnify Guarantee ("GAI") is void under the Alabama statute of frauds because they did not sign the GAI, and nobody else had any authority to sign the GAI for them. Therefore, Jeff and Tracye Wainwright state that the statute of frauds bars Guarantee's claims against them. Guarantee responds that a factual dispute exists as to whether they signed or otherwise agreed to the GAI. Guarantee further argues that the motions under submission rely on naked assertions lacking evidentiary

---

[2] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

support.

Guarantee alleges in its complaint that Stephen Wainwright placed the signatures of Jeff and Tracye Wainwright on the GAI, with their consent. Guarantee further alleges that it relied on the presumed validity and authenticity of all signatures on the GAI—and upon notarized acknowledgment of the validity and authenticity of those signatures—in deciding to issue the bonds. Guarantee attached to its pleading a copy of the GAI. (Doc. #1-2). Each page of the GAI includes the initials "JW" and "TW." Furthermore, signatures for both Jeff and Tracye Wainwright are placed on the signature page, with Stephen Wainwright's signature listed as attesting to both. Finally, Poole notarized the GAI. The signing and notarizing of the GAI are both shown on the face of the GAI as taking place on May 30, 2007.

The material fact underlying these motions—that Jeff and Tracye Wainwright did not agree to indemnify Guarantee—is clearly disputed by the allegations in the complaint, which this Court must take as true. Therefore, even if characterized as a motion for judgment on the pleadings, both motions are due to be denied.[3]

For the foregoing reasons, it is hereby ORDERED that Defendants' Motions to Dismiss (Docs. #11 & 14) are DENIED.

---

[3] Because Guarantee's complaint asserts that Jeff and Tracye Wainwright agreed to indemnify Guarantee, these motions would also be denied even if they satisfied the requirements of Rule 12(b). *See, e.g.*, *Pielege v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (noting that for the purposes of a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the non-movant).

DONE this the 23rd day of March, 2010.

                                                  /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE