IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUARANTEE COMPANY OF NORTH AMERICA USA, a corporation,<br><br>    Plaintiff,<br><br>v.<br><br>W.D. WAINWRIGHT & SONS, INC., a corporation, STEPHEN R. WAINWRIGHT, an individual, SHERYL B. WAINWRIGHT, an individual, WILLIAM J. (JEFF) WAINWRIGHT, an individual, TRACYE WAINWRIGHT, an individual, DENISE POOLE, an individual, RLI INSURANCE COMPANY, a corporation, FIRST COMMUNITY BANK OF CENTRAL ALABAMA, a corporation,<br><br>    Defendants. | CIVIL NO. 2:09-cv-1003-MEF |

_____

GUARANTEE COMPANY OF NORTH AMERICA USA'S
RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT FILED BY
WILLIAM J. WAINWRIGHT AND TRACYE WAINWRIGHT
_____

Plaintiff **GUARANTEE COMPANY OF NORTH AMERICA USA ("GCNA")**, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, hereby files its Response to the Motion for Summary Judgment filed on October 19, 2010, by William J. Wainwright ("Jeff Wainwright") and Tracye Wainwright and states as follows.

{B1225898}     1

## MATERIAL UNDISPUTED FACTS

In 2007, Steve Wainwright was the president of W.D. Wainwrights & Sons, Inc., and his brother, Jeff Wainwright, was either the vice-president or treasurer. (Depo. of Steve Wainwright, pp. 9, 26, attached hereto as Exhibit A.) They were also the only shareholders in the company. (*Id.* at 45.) Steve's wife, Sheryl Wainwright, and Jeff's wife, Tracye Wainwright, were employees of the company. (*See id.* at 9-10, 36.) In the summer of 2008, Jeff Wainwright left the company, and Steve Wainwright is now the sole shareholder. (*Id.* at 44, 46-47.)

In 2007, W.D. Wainwrights & Sons, Inc. decided to pursue public contracting, which required that it be bonded. (*Id.* at 20-21.) GCNA eventually issued multiple payment and performance bonds on behalf of W.D. Wainwrights & Sons, Inc. concerning various construction projects in the State of Alabama. Prior to the issuance of any bonds, however, GCNA required W.D. Wainwrights & Sons, Inc. and its owners to indemnify it for any loss it may suffer as a result of issuance of any bonds. (*See id.* at 30; GAI, attached hereto as Exhibit B.)

Steve testified that his multiple signatures on the General Agreement of Indemnity ("GAI"), as president of W.D. Wainwrights & Sons, Inc., as an individual indemnitor and as a witness to Sheryl Wainwright's, Tracye Wainwright's and Jeff Wainwright's signatures were authentic. (Ex. A, p. 53.) In addition, Denise Poole notarized each of the signatures to the GAI. (*See* Ex. B.)

## STANDARD OF REVIEW

Summary judgment is proper only where there is no genuine issue of material fact as to the claims asserted, and the movant is entitled to judgment as a matter of law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997); Fed. R. Civ. P. 56(c). When the moving party meets its initial burden, a showing that there is no "genuine issue as to any material fact," the burden then shifts to the non-moving party. *Id.*

## ARGUMENT

Defendants Jeff Wainwright and Tracye Wainwright seek summary judgment on the ground that they did not sign the GAI. (*See* Doc. 66, Mot. for Summ. J., p. 2.) GCNA does not dispute that Jeff Wainwright and Tracye Wainwright have testified that they did not sign the GAI and contend that their purported signatures are not authentic. However, it is beyond dispute that the signature of William J. Wainwright and the signature of Tracye Wainwright are on the GAI. (*See* Ex. B.) Therefore, there is evidence in the record to dispute Jeff Wainwright's and Tracye Wainwright's testimony that they did not sign the GAI.

Defendants have also identified testimony by Denise Poole, the notary who signed the GAI, in which she allegedly testified that she did not see Jeff Wainwright or Tracye Wainwright sign the GAI. (*See* Doc. 66, pp. 1-2.) In fact, she testified that she does not remember either person signing the GAI. (Doc. 66-2, p. 36.) She also testified that her signature as notary on the GAI was authentic. (*Id.* at 38.)

Although she now believes that the signatures of Jeff Wainwright and Tracye Wainwright are not authentic, this is merely her opinion from comparing signatures. Ms.

Poole is not an identified expert in this case, and there is no information that Ms. Poole has the requisite expertise or experience of a handwriting expert to determine the authenticity of anyone's signature. Therefore, her testimony is speculative at best.

Based only on a denial by Defendants that their signatures are not authentic and speculative testimony from the notary, Defendants seek summary judgment. In light of the signatures on the GAI, which were notarized by Ms. Poole and witnessed by Steve Wainwright, and the lack of any testimony from Steve Wainwright that Jeff Wainwright's and Tracye Wainwright's signatures were not authentic, there is a genuine issue of material fact as to GCNA' claims, and Defendants are not entitled to a judgment as a matter of law.

In addition, Defendants have offered no evidence that Stephen Wainwright or another individual did not sign the GAI as an authorized agent on behalf of Jeff Wainwright and Tracye Wainwright.

Finally, Defendants cite numerous cases in support of the proposition that GCNA's claims are barred by the Statute of Frauds as Jeff Wainwright and Tracye Wainwright allegedly failed to sign the GAI. (*See* Doc. 66, pp. 3-5.) However, by Jeff Wainwright's actions he ratified any agreement to indemnify GCNA, thus removing the GAI from the Statute of Frauds. *See Cammorata v. Woodruff*, 445 So. 2d 867, 873 (Ala. 1983). Jeff Wainwright was an officer of W.D. Wainwrights & Sons, Inc. He was fully aware that the company was entering into a new line of work by bidding on public contracts. As an officer, he was on notice of the requirement that the company be bonded and that the bonding company required an indemnification agreement. Jeff Wainwright

benefited from the new contracts obtained by W.D. Wainwright & Sons, Inc. due to the issuance of various performance and payment bonds by GCNA. Therefore, his actions alone constitute ratification of the GAI.

Moreover, by benefiting from the award of additional contracts, both Jeff Wainwright and Tracye Wainwright should be estopped from now denying any liability under the GAI.

In sum, Defendants have failed to meet their initial burden of a showing of no "genuine issue as to any material fact." For all of these reasons, GCNA respectfully requests that the Court deny the Motion for Summary Judgment filed on behalf of Jeff Wainwright and Tracye Wainwright. GCNA further adopts and incorporates as if set forth fully herein all arguments in opposition to the summary judgment made by Defendant Denise Poole and First Community Bank of Central Alabama. (*See* Docs. 68 and 69.)

                                                s/ G. Matthew Keenan
L. GRAVES STIFF, III.
Bar No. ASB-0693-S70L
G. MATTHEW KEENAN
Bar No. ASB-4664-G63K
Attorneys for The Guarantee Company of North America USA
STARNES DAVIS FLORIE, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-Mail: gstiff@starneslaw.com
        mkeenan@starneslaw.com

CERTIFICATE OF SERVICE

      I hereby certify that on November 8, 2010, I electronically filed the foregoing with the clerk of the court using the CM/ECF System, which will send electronic notification of such filing to the following counsel:

Freeman Elam, Esq.
969 E. Main Street
Prattville, AL 36068

Nancy Kirby, Esq.
141 West Main Street, Suite A
Prattville, AL 36067

Joseph M. Saloom, Esq.
448 Saint Lukes Drive
Montgomery, AL 36117

Robert B. Reneau, Esq.
RENEAU & THORNTON
PO Box 160
Wetumpka, AL 36092

                                                s/ G. Matthew Keenan
                                                OF COUNSEL