# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUARANTEE COMPANY OF NORTH AMERICA USA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>W.D. WAINWRIGHT & SONS, INC., a corporation, STEPHEN R. WAINWRIGHT, an individual, SHERYL B. WAINWRIGHT, an individual, WILLIAM J. (JEFF) WAINWRIGHT, an individual, TRACYE WAINWRIGHT, an individual, DENISE POOLE, an individual, RLI INSURANCE COMPANY, a corporation, FIRST COMMUNITY BANK OF CENTRAL ALABAMA, a corporation,<br><br>Defendants. | CIVIL NO. 2:09-cv-1003-MEF |

## GUARANTEE COMPANY OF NORTH AMERICA USA'S INTERROGATORIES TO FIRST COMMUNITY BANK OF CENTRAL ALABAMA

COMES NOW the Plaintiff, Guarantee Company of North America, USA ("GCNA") and hereby propounds the following interrogatories to Defendant, First Community Bank of Central Alabama ("FCBCA"):

### INSTRUCTIONS FOR USE

1. Answer each Interrogatory separately and fully. If for any reason You cannot answer an Interrogatory or part thereof in full, answer to the extent possible and state the reasons for Your inability to provide a complete answer. If You cannot provide the exact information requested, provide Your best approximation of the information requested. If You cannot provide all of the information requested in an Interrogatory because such information is not yet fully developed or cannot be ascertained at this time, please answer such Interrogatory with all of the information currently available and specifically indicate that additional responses will later be provided.

2. Whenever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure is to be given unless it is unknown. If it is

unknown, the approximate or best estimate should be given, and the answer should state that such date, amount, computation, or figure is an approximation or estimate.

3. If any requested information is not provided on the grounds that the requested information is privileged or constitutes an attorney's work product, in lieu of each such response, please provide a written statement that describes the factual basis of the purported privilege or claim of work product in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

4. If You object to an Interrogatory, in whole or in part, state the reasons for any such objection and answer, in accordance with Paragraph 1 above, that part of the Interrogatory to which an objection is not made.

5. These Interrogatories are continuing to the extent provided in the Federal Rules of Civil Procedure.

## DEFINITIONS

Unless otherwise defined in these Interrogatories, the following definitions shall apply herein:

A. The singular form of any word shall be construed as including the plural and vice-versa.

B. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

C. The use of "and" shall include "or" and "or" shall include "and."

D. The use of "every" shall include "each" and "each" shall include "every."

E. The use of "any" shall include "all" and "all" shall include "any."

F. "Communication" shall mean and refer to every manner of transmitting or receiving information, opinions, and thoughts, whether orally or in writing.

G. "Complaint" shall mean and refer to the Complaint and Amendment to Complaint, collectively, filed by Plaintiff.

H. "Document" shall mean and refer to all documents, including drafts and copies, as defined in the Alabama Rules of Civil Procedure (including, but not limited to, handwritten, typewritten, printed, recorded, charted, taped, magnetic, photographic, graphic, filmed, and computer-based materials), that are in the possession, custody, or control of Plaintiff, South Dallas Water Authority, or any of its agents, representatives, or attorneys.

2

{B1208655}

I. "Plaintiff" shall mean and refer to Guarantee Company of North America USA and its employees, representatives, agents, and all other persons acting on its behalf.

J. "You," "Your," or "Yourself" shall mean and refer to First Community Bank of Central Alabama and its employees, representatives, agents, and all other persons acting on its behalf.

K. "Defendant" shall mean First Community Bank of Central Alabama and its representatives, employees, agenst, and all other persons acting on its behalf.

L. "Identify" (including, with correlative meaning, the terms "identification" and "identity") as used herein in reference to:

   i. A natural individual, means to state, to the extent known, his or her: (1) full name and any known aliases or nicknames; (2) present (or last known) home and business address and telephone number; (3) present (or last known) occupation, employer, and job title; and (4) employer address and job title at the time of the events, transactions, or occurrences to which the response relates.

   ii. A person other than a natural individual, means to state to the extent known, the: (1) full name; (2) present or last known address; (3) places of business at the present time and at all times relevant to the response involved; and (4) identity of the persons who acted on behalf of such entity with respect to the subject matter of the response.

   iii. A document or a written communication (including correspondence), means to state, to the extent known, the: (1) description of the type of document (*e.g.*, letter, handwritten notes, etc.) and the number of pages; (2) title, heading, or caption of such document, if any; (3) date on which such document was prepared or executed; (4) name of the person who signed such document and, if it was not signed, the response shall so state and shall state the name of the author or originator; (5) name of the addressees, if any, and the name of each other person to whom such document or a copy thereof was sent; and (6) present location and name of the custodian of the original document or a copy thereof. The foregoing information shall be given in sufficient detail to enable a person to whom a subpoena is directed to identify fully the document to be produced.

M. "Person" shall mean and refer to all individuals and entities, including, but not limited to, natural persons, proprietorships, partnerships, corporations, associations, governmental entities, agencies, organizations, or groups of persons.

3

{B1208655}

## INTERROGATORIES

1. Please identify for the last ten years, by date, amount, loan officer, loan number and subject of loan, each and every loan made or line of credit you extended to W.D. Wainwright & Sons, Inc., Stephen R. Wainwright, Sheryl B. Wainwright, William J. Wainwright, Tracye Wainwright or any other business entity in which the aforementioned have held an interest.

ANSWER:

2. Please identify whether any of the loans listed in your answer to Interrogatory No. 1 were loans made through or with the assistance of the U.S. SBA (Small Business Administration).

ANSWER:

3. Please identify whether any of the loans listed in your answer to Interrogatory No. 1 are or have been in default at any time over the last ten years. Please include in your answer the date the loan(s) went into default, the amount in default, and how it was resolved.

ANSWER:

4. Please identify all files or categories of documents, including but not limited to financial statements, credit files, underwriting files, applications or other categories, in your possession or under your control that you maintain in the ordinary course of business on loans, deposits or any other business transactions you have conducted with W.D. Wainwright & Sons, Inc., Stephen R. Wainwright, Sheryl B. Wainwright, William J. Wainwright, or Tracye Wainwright for the last ten years.

ANSWER:

5. When was Denise Poole or any other notary hired or employed by you first allowed or required to notarize a document without personally verifying the individual's signature and when did this practice end?

ANSWER:

6. Did you conduct an investigation into whether Denise Poole or any other notary hired or employed by you was allowed or required to notarize a document without personally verifying the individual's signature? If so, please identify when the investigation began, what prompted the investigation, all persons involved in the investigation (including position of employment), any documents reviewed during and/or generated as a result of the investigation and the results of the investigation, including whether any employees were reprimanded, disciplined or terminated.

ANSWER:

7.  Please identify all transactions of which you are aware where Denise Poole or any other notary hired or employed by you was allowed or required to notarize a document without personally verifying the individual's signature. For each transaction identified, please describe the document notarized, give the name of the person whose signature was not verified, the identity of the notary, the identity of the bank employee/officer who oversaw, allowed or ordered the document to be notarized and the date it was notarized.

**ANSWER:**

L. Graves Stiff, III (STI004)
G. Matthew Keenan (KEE020)
Attorneys for Plaintiff, The
Guarantee Company of North
America USA

OF COUNSEL:
STARNES DAVIS FLORIE LLP
Seventh Floor, One Hundred Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to all counsel of record this the 27th day of September, 2010.

Freeman Elam, Esq.
969 E. Main Street
Prattville, AL 36068

Nancy Marie Kirby, Esq.
141 W. Main Street
Prattville, AL 36067

Robert B. Reneau, Esq.
Reneau & Thornton
PO Box 160
Wetumpka, AL 36092

Joseph Michael Saloom, Esq.
Rountree & Associates, LLC
448 Saint Luke Drive
Montgomery, AL 36117-0474

OF COUNSEL

5

{B1208655}

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GUARANTEE COMPANY OF NORTH AMERICA USA, a corporation, | * * * * | |
| Plaintiff, | * * | |
| v. | * * * | CIVIL ACTION NO.:<br>2:09-cv-1003-MEF-TFM |
| W.D. WAINWRIGHT & SONS, INC. a corporation, STEPHEN R. WAINWRIGHT, an individual, SHERYL B. WAINWRIGHT, an individual, WILLIAM J. (JEFF) WAINWRIGHT, an individual, TRACYE WAINWRIGHT, an individual, and DENISE POOLE an individual, RLI INSURANCE COMPANY, a corporation, FIRST COMMUNITY BANK OF CENTRAL ALABAMA, a corporation, | * * * * * * * * * * * * | |
| Defendants. | * | |

## RESPONSE OF FIRST COMMUNITY BANK OF CENTRAL ALABAMA TO GUARANTEE COMPANY OF NORTH AMERICA USA'S INTERROGATORIES

Comes now the Defendant, First Community Bank of Central Alabama, and responds to Guarantee Company of North America USA's Interrogatories as follows:

1. The documents attached hereto provide the requested information regarding every loan or line of credit extended by First Community Bank of Central Alabama to any Wainwright defendant.

2. One loan listed above was made through the Small Business Administration. This loan can be identified from the documentation attached hereto.

3. All loans made to the Wainwright defendants are currently in default. The

Case 2:09-cv-01003-MEF-TFM   Document 110-3   Filed 03/09/11   Page 8 of 10
Case 2:09-cv-01003-MEF -TFM   Document 99-1   Filed 02/23/11   Page 8 of 10
OCT-27-2010  15:56        RENEAU & THORNTON                    334 567 2421    P.04/10

specific information regarding default can be obtained from the attached documentation. W.D. Wainwright & Sons, Inc. is currently making payments on the Small Business Administration loan. First Community Bank of Central Alabama expects that all other loans will be paid through the bankruptcy plan of W.D. Wainwright & Sons, Inc.

4. Objection. The information sought in this interrogatory is not relevant to any issue involved in this litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence.

5. The Executive Management of First Community of Central Alabama was not aware that Denise Poole or any other notary hired or employed by First Community Bank of Central Alabama was notarizing documents without personally verifying the individual's signature. As such, the Executive Management of First Community Bank never authorized or required any notary employed by First Community Bank of Central Alabama to notarize a document without personally verifying the individual's signature. The Executive Management of First Community Bank of Central Alabama first became aware that this practice had occurred only after having been served with the Complaint in this litigation. Steps were then taken to immediately end this practice.

6. Yes. Rana Futral, the Chief Financial Officer of First Community Bank of Central Alabama conducted an investigation in regard to the notarization of documents without personally verifying the individual's signature shortly after First Community Bank of Central Alabama was served with the Complaint in this litigation. The investigation was prompted by this litigation. Rana Futral discussed this practice with all notary publics employed by First Community Bank of Central Alabama and reviewed the notary logs of each such notary public. The result of the investigation was that the practice of allowing notary publics to notarize

Case 2:09-cv-01003-MEF-TFM   Document 110-3   Filed 03/09/11   Page 9 of 10

Case 2:09-cv-01003-MEF-TFM   Document 99-1   Filed 02/23/11   Page 9 of 10
OCT-27-2010  15:57         RENEAU & THORNTON                334 567 2421    P.05/10

documents without personally verifying the individual's signature, but only upon instruction from a loan officer who did verify the individual's signature, had been occurring for an indefinite amount of time at the Prattville branch, but at no other branches of First Community Bank of Central Alabama. No employees were disciplined or terminated, however, Rana Futral made it clear to all bank officers and notary publics that no notary public was allowed to notarize a document without personally verifying the individual's signature. Notary training was reinforced for all notary publics employed by First Community Bank of Central Alabama. A verbal warning was issued by Rana Futral to Denise Poole and by Travis Cosby, III, the Chief Executive Officer of First Community Bank of Central Alabama, to Tracy Alexander.

7. First Community Bank of Central Alabama does not have the ability to identify all transactions where Denise Poole or any other notary public employed by First Community Bank of Central Alabama may have notarized a document without personally verifying the individual's signature. No documentation exists which would distinguish documents which were notarized without verification of the individual's signature from those documents in which the individual's signature was verified.

Respectfully submitted on this the __27__ day of __October__, 2010.

_____
TRAVIS COSBY, III, CHIEF EXECUTIVE OFFICER,
FIRST COMMUNITY BANK OF CENTRAL ALABAMA

_____
ROBERT B. RENEAU (REN-002)

Reneau & Thornton
P.O. Box 160
Wetumpka, Alabama 36092
Telephone: (334) 567-8488
Fax: (334) 567-2421
Email: reneauthornton@aol.com

OCT-27-2010  15:57        RENEAU & THORNTON                334 567 2421    P.06/10

State of Alabama
County of Elmore

    Before me, the undersigned Notary Public in and for the State of Alabama, appeared Travis Cosby, III, Chief Executive Officer of First Community Bank of Central Alabama, who is known to me, and who after being duly sworn by me, acknowledged that the above Response is true and correct to the best of his knowledge, information and belief.

    Sworn to and subscribed before me on this the __27__ day of October, 2010.

_____
Notary Public

My Commission Expires: __3/14/14__

## CERTIFICATE OF SERVICE

    I, the undersigned, of counsel in the above-styled cause, do hereby certify that I have served a copy of the foregoing document upon Freeman M. Elam, Esq., 969 East Main Street, Prattville, Alabama 36066, George M. Keenan, Esq., Starnes & Atchison, LLP, P.O. Box 598512, Birmingham, Alabama 35209, Nancy M. Kirby, Esq., 141 W. Main Street, Prattville, Alabama 36067, Joseph M. Saloom, Esq., Rountree & Associates, LLC, 448 Saint Lukes Drive, Montgomery, Alabama 36117-0474, Luther Graves Stiff, III, Esq., Starnes & Atchison, P.O. Box 598512, Birmingham, Alabama 35209 and RLI Insurance Company, c/o Paul Norman, 415 Commerce Street, Greenville, Alabama 35209, by placing same in the U.S. Mail, first class postage prepaid, properly addressed on this the __27__ day of __October__, 2010.

_____
ROBERT B. RENEAU