IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUARANTEE COMPANY OF ) | |
| NORTH AMERICA USA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:09-CV-1003-MEF |
| ) | |
| v. ) | |
| ) | (WO- DO NOT PUBLISH) |
| SHERYL B. WAINWRIGHT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Guarantee Company of North America USA's ("GCNA") Motion to Enlarge Deadline for Amendments and for Leave to Amend Complaint (Doc. # 103), filed February 25, 2011.  GCNA seeks to amend its complaint to allege two new causes of action—suppression and civil conspiracy—against Defendant First Community Bank of Central Alabama ("FCB"), alleging that FCB instructed its employee Defendant Denise Poole ("Poole") to falsely notarize signatures on an indemnity agreement.  Both FCB and Poole strongly object to GCNA's request.  For the foregoing reasons, GCNA's motion is due to be DENIED.

GCNA moves for leave to amend its complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 16.  Rule 15(a)(2) provides that the court should "freely give leave" to amend pleadings "when justice so requires."  However, when the court has entered a scheduling order, and the party's motion seeks to modify that scheduling order, the stricter standard

of Rule 16(b)(4) applies.  *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ([B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). The Uniform Scheduling Order entered by the Court in this case on April 30, 2010 (Doc. # 56) required that any motions to amend the pleadings be filed by July 12, 2010.  As GCNA's motion for leave to amend was filed after July 12, 2010, Fed. R. Civ. P. 16(b)(4) is the applicable standard in this case.

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause."  A party's failure to act diligently ends the good cause inquiry.  *Sosa*, 133 F.3d at 1419.  GCNA, however, has failed to allege in its motion any grounds for relief which would amount to good cause.  In support of its motion, GCNA points out that discovery is incomplete.[1]  However, GCNA does not point out why it was not able to ascertain the factual basis for the new claims against FCB before July 12, 2010.  The fact that discovery is incomplete in and of itself does not amount to the good cause required by Rule 16(b)(4).

GCNA seems to argue that it first learned of FCB's role in the fraudulent notarization after taking the depositions of Poole and fellow FCB employee Tracy Alexander ("Alexander").  (Doc. # 103).  However, both Poole and FCB point out in their

---

[1] Originally, discovery was scheduled to close on February 1, 2011, three weeks before GCNA's motion for leave to amend was filed.  (Doc. # 56).  However, the Court granted the parties' joint motion to extend discovery deadlines to April 1, 2011.  (Doc. # 78).

opposition to GCNA's motion that the Poole and Alexander depositions were taken July 19, 2010.  Accordingly, at the very least, GCNA could have sought to amend its complaint in July.  It has provided no justification for waiting until February to seek leave for such an amendment.

Lastly, GCNA contends that the requested amendment only "clarifies the nature of the claims asserted by GCNA against FCB" and does not add "any significant legal or factual issues."  While the original complaint did allege that Jeff and Tracye Wainwright's signatures may not be genuine, the complaint did not allege facts giving rise to a civil conspiracy between Stephen Wainwright and FCB, as alleged in the proposed amendment.  Accordingly, the proposed amendment does much more than merely clarify the nature of GCNA's claims.  The amendment seeks to add additional legal grounds and factual allegations, but GCNA provides no good cause for doing so.  Accordingly, GCNA's motion is DENIED.

Done this the 16th day of March, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE