IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUARANTEE COMPANY OF NORTH AMERICA USA, a corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CIVIL NO. 2:09-cv-1003-MEF |
| SHERYL B. WAINWRIGHT, an individual, *et al.* | )<br>)<br>) |
| Defendants. | ) |

_____

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER REGARDING ITS MOTION TO COMPEL**

_____

COMES NOW Plaintiff **GUARANTEE COMPANY OF NORTH AMERICA USA ("GCNA")** and hereby submits its Reply to Defendant First Community Bank of Central Alabama's ("FCB") *Response to Show Cause Order* regarding GCNA's Motion to Compel and states as follows.

1. FCB's attempt to avoid production of relevant documents is conveniently premised on the argument that GCNA's discovery requests are based upon unpled claims. This is simply incorrect. The claim set forth in the original Complaint against FCB is for constructive fraud related to the execution of the indemnity agreement. The discovery requests that are the subject of GCNA's Motion to Compel concern that very claim.

2. As stated before, the key to obtaining the issuance of the bonds was the valid execution of the indemnity agreement by Stephen Wainwright, Sheryl Wainwright, Jeff Wainwright, and Tracye Wainwright.  FCB's employee and co-defendant, Denise Poole, has already testified that she would have only notarized the contested signatures without witnessing them at the direction of an FCB officer and that she regularly did so.[1]  Therefore, discovery as to any motive FCB had to encourage, facilitate or actively participate in a misrepresenation to GCNA for the purpose of inducing the issuance of the bonds is clearly discoverable.

3. FCB had a competing interest with GCNA.  At the time of execution of the indemnity agreement, FCB was well aware that the promise to indemnify and exonerate GCNA from any and all liability for losses it might incur under any bonds issued on behalf of W.D. Wainwright & Sons, Inc. ("WDWS") would have been adverse or in competition with any interests FCB had in WDWS.  Only by discovery of the requested documents can GCNA determine FCB's motives and the full extent of its liability in this matter. The requested discovery is reasonably calculated to lead to the discovery of admissible evidence concerning FCB's motive to participate in the forgery of the signatures of Jeff and Tracye Wainwright on the GAI.

---

[1] FCB's argument that "this situation is nothing more than a bank employee attempting to do a favor for a bank customer, but possibly failing to properly notarize the document in question" is simply not supported by the facts.

{B1265378}    2

4. FCB's response illustrates the relevance of GCNA's request. In arguing that FCB had no motivation to aid WDWS in deceiving GCNA, FCB states that "all Wainwright defendants were current on said loans at the time of the execution of the General Agreement of Indemnity." (Doc. 105, p. 3.) Yet, FCB fails to provide the Court or GCNA with any documentation in support of this assertion. Such documentation is at the heart of GCNA's discovery requests. GCNA should not be forced to rely on self-serving representations of the defendant when it is entitled under the rules of discovery to obtain copies of such material and relevant documentation that is solely within the possession of FCB.

5. FCB also argues that WDWS was not in bankruptcy at the time the indemnity agreement was executed. (Doc. 105, p. 3.) This is beside the point. The issue is FCB's knowledge of the financial state of WDWS at the time the indemnity agreement was executed. GCNA is entitled to discovery as to whether FCB was aware at that time of the fraudulent execution that WDWS was in financial trouble and in danger of going into bankruptcy, as it did.[2]

6. FCB's argument against production on the ground that intent is not an essential element of constructive fraud is misplaced. GCNA's motion concerns routine discovery and the scope of Rule 26 permits discovery of relevant

---

[2] Also, FCB has been on notice throughout this litigation that GCNA's claim would encompass the requested discovery simply by virtue of the allegations of the Complaint. (*See* Doc. 1.) During this litigation, counsel for GCNA has also reaffirmed its concern that FCB took an active role in the fraud. (*See, e.g.,* Letter of Sept. 14, 2010, attached hereto as Exhibit A.)

{B1265378}  3

information that is not admissible at trial as long as it is "reasonably calculated to lead to the discovery of admissible evidence." This broad scope is the standard by which the present motion is to be decided, not the elements of proof on GCNA's claim at trial. Moreover, evidence of FCB's intent may certainly be admissible for purposes of establishing damages.

7.   It is worth noting that in opposing the Motion to Compel, FCB conveniently circumvents any discussion of the liberal scope of discovery permitted by the Federal Rules of Civil Procedure and has failed to rely on any caselaw in support of . Therefore, it is worth repeating that relevance "has been construed <u>broadly</u> to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is <u>or may be in the case</u>." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978) (emphasis added).

8.   Significantly, "[w]here relevance is in doubt, the district court should be permissive." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Christen Sveaas To Take Discovery*, 249 F.R.D. 96 (S.D.N.Y. 2008) (citing *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003)).

9.   Furthermore, the rules of discovery "are to be accorded a broad and liberal treatment," which "is essential to proper litigation" in order to reduce the

{B1265378}                                4

potential for surprise and advance the potential for settlement. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392 (1947).

10. Finally, neither should GCNA's discovery requests be limited to the time period prior to execution of the indemnity agreement. (*See* Doc. 105, p. 7 n.3.) Clearly, correspondence and other documents prepared after the execution of the agreement may reference or memorialize conversations or confirm other facts that are material and relevant to GCNA's claims.

11. Failure to allow GCNA the requested discovery will severely impede this action from being resolved on the merits. FCB should not be allowed to hide relevant documents based upon arguments involving perceived deficiencies or mere technicalities in pleading.

                                       s/L. Graves Stiff, III
                                       L. GRAVES STIFF, III
                                       Bar No. ASB-0693-S70L
                                       G. MATTHEW KEENAN
                                       Bar No. ASB-4664-G63K
                                       Attorneys for The Guarantee
                                       Company of North America USA

STARNES DAVIS FLORIE, LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-Mail: gstiff@starneslaw.com
             mkeenan@starneslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 11, 2011, I electronically filed the foregoing with the clerk of the court using the CM/ECF System, which will send electronic notification of such filing to the following counsel:

Freeman Elam, Esq.
969 E. Main Street
Prattville, AL 36068

Robert B. Reneau, Esq.
Reneau & Thornton
PO Box 160
Wetumpka, AL 36092

Barry A. Brock, Esq.
Jones, Walker, Waechter, Poitevent,
 Carrere & Denegre, LP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama  35203

Nancy Kirby, Esq.
141 West Main Street, Suite A
Prattville, Alabama 36067

Joseph Saloom, Esq.
Rountree & Associates
448 Saint Lukes Dr
Montgomery, AL 36117-7104

Ahrian Davis Tyler, Esq.
Chirayu Madhu Shah, Esq.
Christian & Small LLP
505 20th Street North, Suite 1800
Birmingham, Alabama  35203

                                  s/L. Graves Stiff, III
                                  OF COUNSEL